

600 Third Avenue, 22nd Floor | New York, NY 10016 | **bsk.com**

**MARY ELLEN DONNELLY, ESQ.**
mdonnelly@bsk.com
P: 646.253.2392

February 8, 2022

**Via ECF**
Honorable Gary R. Brown
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

      Re:    **Kelly McGauran v. Peconic Bay Medical Care, P.C., et al.**
            **E.D.N.Y. Case No. 16-cv-01740 (GRB) (ARL)**

Dear Judge Brown:

      This firm represents Defendants, Peconic Bay Medical Care, P.C., (the "Medical Center") (improperly captioned as Peconic Bay Medical Care) and Maureen O'Connor ("Ms. O'Connor") (collectively, "Defendants") in the above-referenced action. In accordance with Your Honor's Individual Practice Rules, we write to request a pre-motion conference to obtain permission to file a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure to dismiss Plaintiff Kelly McGauran's ("Plaintiff") Amended Complaint in its entirety.

      Plaintiff's Amended Complaint alleges four causes of action against Defendants. Plaintiff's First, Second, and Third causes of action alleged that she was sexually harassed by Ms. O'Connor, who was her supervisor at the Medical Center, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and New York State Human Rights Law, N.Y. Exec. Law § 201 et seq. ("NYSHRL"). Plaintiff's Fourth cause of action alleges that Ms. O'Connor committed a battery against her by touching her breast at work. All of Plaintiff's claims against the Medical Center and Ms. O'Connor, in her professional and individual capacities, fail as a matter of law.

**I.**      **Factual Background**

      The Medical Center is a voluntary not-for-profit health care facility located in Riverhead, New York. Plaintiff began her employment with the Medical Center on June 15, 2011, as a per-diem Outreach Worker. In December 2013, Plaintiff was promoted to the full-time position of a Patient Navigator Assistant. At all relevant times, Ms. O'Connor was Plaintiff's direct supervisor.

      On May 4, 2015, the Medical Center received a telephone call from a family advocate at the Patchogue Head Start program, a program of the United States Department of Health and Human Services that provides comprehensive early childhood education to low-income children and their families. The Medical Center was advised by the Head Start advocate that it was processing Plaintiff's application for Head Start benefits and was in possession of a letter from the Medical Center submitted on behalf of Plaintiff stating that Plaintiff was a per diem employee of

Hon. Judge Brown
February 8, 2022
Page 2

the Medical Center earning $10-12 per hour. The Medical Center advised Head Start that Plaintiff was in fact a full-time employee of the Medical Center earning $26.24 an hour. The Medical Center began an investigation into the fraudulent letter submitted to Head Start which misrepresented Plaintiff's employment with the Medical Center.

On May 8, 2015, Plaintiff complained to the Medical Center's Human Resources Department about the Medical Center's investigation into the fraudulent letter submitted to Head Start. At the same time, Plaintiff asserted for the first time that Ms. O'Connor had sent her nasty emails and harassed her. The Medical Center promptly commenced an investigation into Plaintiff's complaint of harassment against Ms. O'Connor. During the Medical Center's investigation into her allegations, Plaintiff requested and was granted a medical leave of absence from the Medical Center commencing on May 12, 2015. At the conclusion of the Medical Center's investigation, the Medical Center determined that Plaintiff's complaint about Ms. O'Connor was without merit.

**II.     Plaintiff Cannot Establish a Claim of Sexual Harassment as a Matter of Law**

To prevail on a claim of hostile work environment sexual harassment in violation of Title VII or NYSHRL, a plaintiff must demonstrate that: (1) the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of the work environment; and (2) a specific basis exists for imputing the conduct that created the hostile work environment to the employer. *Montanez v. McDean LLC*, 770 F. App'x 592, 594 (2d Cir. 2019). Plaintiff's conclusory allegations of sexual harassment are insufficient to state a hostile work environment claim against the Medical Center. The documentary and testimonial evidence in this matter demonstrates that the Medical Center maintained an Anti-Harassment and Non-Discrimination Policy and a Code of Conduct. The Medical Center also promptly and thoroughly investigated Plaintiff's allegations of sexual harassment and found such allegations to be meritless. Plaintiff cannot establish a sexual harassment claim against the Medical Center or Ms. O'Connor, in her professional and individual capacities, under Title VII or NYSHRL as a matter of law.

**III.    Plaintiff Cannot Establish a Claim of Battery As a Matter of Law**

Under New York law, a battery is the unjustified touching of another person, without that person's consent, with the intent to cause a bodily contact that a reasonable person would find offensive. *Rivera v. State*, 34 N.Y.3d 383, 386 (2019). Plaintiff has not and cannot demonstrate that Ms. O'Connor inappropriately touched Plaintiff. Moreover, no evidence supports finding that the Medical Center is vicariously liable for any alleged battery, as any such conduct would be outside Ms. O'Connor's employment and supervisory duties at the Medical Center. Accordingly, Plaintiff's battery claim fails as a matter of law.

Thank you for Your Honor's consideration in this matter.

Respectfully,

/s/ MED

Mary Ellen Donnelly

cc: All counsel of record via ECF.